UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOHN B. DEARING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-73 |
| | ) | |
| MORRISTOWN POLICE | ) | |
| DEPARTMENT, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two separate Motions to Dismiss, [Docs. 21 and 24], filed by Defendants Morristown Police Department, Officer Vicki Arnold, and former Sheriff of Hamblen County Otto Purkey pursuant to Federal Rule of Civil Procedure 12(b). The *pro se* plaintiff has not responded, and the time for doing so has passed.[1] The matter is ripe for review.

The plaintiff's Complaint and Amended Complaint are somewhat difficult to decipher. The defendants raise several reasons why the Amended Complaint should be dismissed as to all of the causes of action that they discern the Amended Complaint actually alleges. Their main argument is that the statute of limitations has run as to all causes of action. This Court will briefly set forth the standard of review and discuss the alleged facts and causes of action before addressing the issues on the merits.

A Rule 12(b)(1) motion to dismiss an action for lack of subject matter jurisdiction

---

[1]This Court notes that the plaintiff's failure to respond to the defendants' motions, in and of itself, may serve as grounds for granting the defendants' motions. *See* E.D.TN. LR 7.2. Nevertheless, this Court will address the issues on the merits.

may be premised on a facial attack or a factual attack. *See Abdelkhaleq v. Precision Door of Akron*, No. 5:07cv3585, 2008 WL 3980339, at *2 (N.D. Ohio Aug. 21, 2008) (O'Malley, J.). A facial attack tests the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984), while a factual attack evaluates the actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997). The importance of this distinction has to do with the nature of the Court's consideration of the facts and allegations presented in connection with the Rule 12(b)(1) motion. I f the motion presents a facial attack, the Court must construe the pleadings in the light most favorable to the plaintiff and may not consider extrinsic materials. *Abdelkhaleq*, 2008 WL 3980339 at *2 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In contrast, if the motion presents a factual attack, the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness that is the hallmark of the Rule 12(b)(6) standard. *Id.*; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see also Ernst v. Rising*, 427 F.3d 351, 372 (6th Cir. 2005).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). "[The]

complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*. (citations omitted).

When determining whether to dismiss a *pro se* complaint, these complaints "are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, a *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106 (citation omitted). However, *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). The lenient treatment generally accorded to *pro se* litigants has limits. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The plaintiff's original complaint does not set forth many factual allegations, and it asserts the following causes of action:

> Description of Harrassment [sic] and attempted murder: conspiracy to commit murder, Hate crimes performed under color of law, violation of the 4th ammendment [sic], violation of the 14th ammendment [sic] violation of denial fo medical attention by deputys [sic] under the color of law resulting in ongoing medical treatment for PTSD, violation of SEC 540, Americans with disabilitys [sic] act.

This Court then ordered the plaintiff to amend his complaint and set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This Court further ordered that the amended complaint should set forth the status of any criminal charges against the plaintiff in relation to any facts alleged.

The plaintiff then filed an amended complaint, and he alleged violations of Tennessee

Code Annotated sections 39-13-102, 39-17-309, 4-21-301, 4-21-311, and 4-21-701. He did not reassert any particular federal causes of action but stated several allegations of fact. First, under the heading "History conflict," the plaintiff alleges that he had "been targeted by Otto Purkey before 1994 and conspired with Mr. Dearing's ex-wife Kelly Giles." At 3:30 a.m. the plaintiff was allegedly coerced out of his apartment by, this Court infers, members of the Hamblen County Sheriff's Department, assaulted, arrested, and taken to jail. The complaint does not list a specific date for this incident, but the allegations directly follow the statement that Otto Purkey had conspired with the plaintiff's ex-wife "before 1994." He also claims that this incident was a result of a child support attachment, and he also alleges that while being held at the jail, he was denied medical attention. The plaintiff further alleges that he was treated the next day at the Morristown Hamblen Hospital where he filed a police report about the alleged assault. The plaintiff then alleges that "[a]fter a couple of weeks," Otto Purkey "pulled over" the plaintiff and told the plaintiff, "I just wanted to let you know that I didnt [sic] sucker[-]punch you in the back[,] and Im [sic] not going to get in trouble over this."

Then the plaintiff makes several allegations under the heading, "Current Statement." He alleges that all defendants "have used the color of law and the badge to falsely accuse Mr. Dearing of crimes of which he is innocent." As a result, he claims that his business, Dearing Mechanical Heat & Air, and his reputation have suffered "since 1999 to Dec. 2006."

Again, the allegations in the amended complaint and the timeline of these allegations are difficult to discern. Inferentially, this Court gleans that on April 28, 2004, Defendant Riekart allegedly filed a "defamatory" police report regarding an incident which took place that same day. Apparently, the plaintiff "called police on Holly Ramos, Amy Dalton and David Dalton." The cause

of the call is not set forth in the amended complaint. Before the police arrived, Holly Ramos called her husband Defendant David Ramos. David Ramos arrived in his "Comer electric truck and trespassed into Mr. Dearing's property." A physical altercation ensued.

The next set of factual allegations took place on January 27, 2005. The plaintiff asserts that Officer Vickie Arnold "knowingly file[d] a false report" about the plaintiff, accusing him of assaulting a minor. He claims she entered his home without a warrant, confiscated personal property without probable cause, and fabricated evidence.

As a result of these charges, the plaintiff claims that he received threats of retaliation from Ricardo Ramos, who worked at Metro Night Club and David Ramos. This Court discerns that a few months after Officer Arnold filed the report, Ricardo Ramos and four other men, according to the amended complaint, assaulted the plaintiff outside of Metro Night Club. After the assault and while seeking help, the plaintiff was "intercepted by two county cruiser's." The amended complaint states that the plaintiff was arrested for public intoxication and "taken to jail for over 13 hours without medical treatment." The plaintiff further alleges that he was "assaulted with mace spray to his face while calling for help under the jail door by one of the deput[ies] working that night under Otto Purkey's watch."

Then on April 26, 2005, the plaintiff was apparently taking pictures in the Metro Night Club parking lot, where the previous assault had just occurred. While doing so, David Ramos allegedly "tried to run Mr. Dearing off the road." He was driving a Comer Electric truck at the time of the alleged incident.

The plaintiff has named as defendants the Morristown Police Department, Hamblen County Detention Center, former sheriff of Hamblen County Otto Purkey, Officer Vickie Arnold,

David Ramos, Ricardo Ramos, Ms. Reikhart,[2] the owner of Metro Night Club Ishmal G, and William H. Martin[3] of Comer Electric, Inc. Defendants Morristown Police Department, Officer Arnold, and Otto Purkey have filed motions to dismiss, and the merits of those motions will be discussed below. No summons was actually issued to the Hamblen County Detention Center ("HCDC"). The plaintiff was twice warned that a failure to complete the service packets as to a defendant would result in the action against a defendant being dismissed for failure to prosecute. *See* [Docs. 7 & 8]. In addition, the HCDC is not a suable entity.[4] As such, the case against the Hamblen County Detention Center will be **DISMISSED**. The summonses were returned unexecuted as to Ms. Reikhart and Ishmal G. Thus, they are not properly before this Court. Nonetheless, the merits of the charges against them will also be discussed below. David and Ricardo Ramos have been properly served and have not filed a dispositive motion or answer. William H. Martin has filed an answer and raised several affirmative defenses including the statute of limitations. This Court will discuss the merits of all arguments as to all defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In the Defendant Morristown Police Department's Motion to Dismiss, it argues, pursuant to Federal Rule of Evidence 12(b)(6), that it should be dismissed from the suit as it is not

---

[2]In the plaintiff's amended complaint, he lists "MPD" beside Ms. Reikhart's name. However, after deciphering the alleged facts of the amended complaint, this Court discerns that she does not work for the Morristown Police Department. This conclusion is bolstered by the fact that the address listed on the summons was a private address, not the Morristown Police Department address. In addition, this Court infers that had she been so employed, the Motion to Dismiss filed by the Morristown Police Department and Officer Arnold likely would have included Ms. Reikhart.

[3] Referred to in plaintiff's complaint as Bud Martin.

[4]The reasons and the law will be set forth below in relation to the Morristown Police Department. It equally applies to Defendant Hamblen County Detention Center.

a suable entity. To state a claim for a violation of § 1983, a plaintiff must demonstrate that: (1) a person, (2) acting under color of state law, (3) deprived him of a federal right. *Sperle v. Michigan Department of Corrections*, 297 F.3d 483, 490 (6th Cir. 2002). The Morristown Police Department is not a "person" for purposes of 42 United States Code section 1983, *see* 42 U.S.C. § 1983; Fed. R. Civ. P. 12(b)(6), and is not a suable entity. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *Kurz v. Michigan*, 548 F.2d 172, 174 (6th Cir.), *cert. denied*, 434 U.S. 972 (1977). The Morristown Police Department has no legal or corporate existence apart from the City of Morristown, and thus, it is not a "person" subject to liability under section 1983. As such, the defendants' Motion to Dismiss, [Doc. 21], is **GRANTED** in this regard, and it is hereby **ORDERED** that the section 1983 counts against the Morristown Police Department are **DISMISSED WITH PREJUDICE**.

First, the plaintiff has alleged causes of action for violations of Tennessee Code Annotated sections 39-13-102 and 39-17-309. It is unclear which defendants are alleged to have violated these statutes. Thus, this Court will assume that these allegations apply to all defendants, even those who have not moved for dismissal. These statutes are criminal statutes. "All criminal actions are prosecuted in the name of the state of Tennessee against the party charged with the offense." Tenn. Code Ann. § 40-3-104. Thus, an individual may not assert criminal causes of action. As such, the defendants' motions to dismiss are **GRANTED** in this regard, and these two causes of action are hereby **DISMISSED** as to all defendants.

Second, Defendants Morristown Police Department, Officer Arnold, and Otto Purkey move to dismiss the amended complaint as to the alleged violations of the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated sections 4-21-301, 4-21-311, and 4-21-701, since the

claims were not filed within the applicable one-year statute of limitations period.[5] Section 4-21-311(d) states, "A civil cause of action under this section[, the THRA], shall be filed . . . within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). The latest violation alleged in the amended complaint, which might relate to alleged violations of the THRA, occurred on April 26, 2005.[6] The original complaint was received by the United States District Court Clerk's Office on March 20, 2007, and filed on March 29, 2007. Thus, the complaint was not filed within the one-year statute of limitations period. Accordingly, the defendants' motions in this regard are **GRANTED**, and the claimed violations of the THRA against all defendants are **DISMISSED**.

Third, Defendants Arnold and Otto Purkey argue that any section 1983 action is also

---

[5]The Morristown Police Department and Officer Arnold also argue that this Court lacks subject matter jurisdiction over these claims. In view of the dismissal of plaintiff's complaint on the merits, the Court need not address this argument.

[6]First, the amended complaint does not specifically relate any facts to any of the alleged violations of statutes. This Court merely is relating the latest possible date mentioned in the complaint, notwithstanding if it actually alleges a violation of the THRA.
Second, there are two other dates mentioned in the amended complaint, which do not necessarily relate to the THRA claims. The plaintiff alleges that since 1999 to December 2006 the defendants "have used the color of law and the badge to falsely accuse Mr. Dearing of crimes of which he is innocent." He claims that these false allegations have destroyed his family business and his reputation. One specific instance of being falsely accused apparently includes the incident where Ms. Riekhart filed a report relating to the April 28, 2004 assault incident with David Ramos. The filing of the report apparently took place on the same day or closely thereafter. The plaintiff stated that she further made false statements at a preliminary hearing which apparently took place on October 9, 2006. Allegations for slander must be filed within six months after the words are uttered. Thus, these claims also are barred because they were not filed within the statute of limitations period.
Third, to the extent the plaintiff was attempting to assert claims for injuries to person, false imprisonment, or malicious prosecution, those are also barred by the one-year statute of limitations. *See* Tenn. Code Ann. § 38-3-104(a)(1).

barred by the statue of limitations. State statutes apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For § 1983 actions arising in Tennessee, the statute of limitations is one (1) year. *Tenn. Code Ann*. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). All allegations relating to Officer Arnold occurred on January 27, 2005, and all allegations relating to Otto Purkey occurred in 1994 and April 26, 2005. The complaint was received on March 20, 2007, and filed on March 29, 2007. Thus, all section 1983 claims as to all defendants are barred by the statute of limitations. As such, the defendants' motions are **GRANTED** in this regard and these claims are **DISMISSED**.

As stated above, the summonses were returned unexecuted as to Ms. Reikhart and Ishmal G. David and Ricardo Ramos have not answered or filed dispositive motions. William H. Martin has filed an answer asserting the statute of limitations as an affirmative defense. As to all of these defendants, the claims against them are barred by the statute of limitations. Thus, all claims against these defendants are **DISMISSED**. In addition, as to Ishmal G. and William H. Martin, their names are merely mentioned in the amended complaint and are in no way connected to any specific violations. This Court discerns that they were sued merely as the owners of Metro Night Club, the place where Ricardo Ramos apparently worked, and Comer Electric, Inc., the place where David Ramos apparently worked. Merely mentioning a defendant's name without allegations of any facts to support elements of an alleged offense is not enough to satisfy the requirement of Rule 8(a) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, the claims against them are **DISMISSED**.

In sum, the defendants' motions are **GRANTED**, [Docs. 21 and 24]. As such, the claims against theses defendants are **DISMISSED**. In addition, for the reasons set forth above, all

claims against all defendants are **DISMISSED**.

       SO ORDERED.

       ENTER:

                                                   <u>s/J. RONNIE GREER</u>
                                            UNITED STATES DISTRICT JUDGE